UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE E. MCKNIGHT,<br><br>                    Plaintiff,<br><br>          v.<br><br>RIVERSIDE POLICE DEPARTMENT,<br><br>                    Defendant. | Case No. 5:25-cv-02645-FLA (PD)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    Background

On October 7, 2025, Plaintiff Antwone E. McKnight ("Plaintiff"), proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Riverside Police Department ("Defendant") alleging he was threatened and harassed by the police. Dkt. 1. Plaintiff alleges Defendant violated his safety, and that he has been hospitalized more than five times. *Id.* at 6. Plaintiff seeks an investigation by the California Attorney General and compensatory damages. *Id.* at 8.

On October 31, 2025, Plaintiff filed a request to proceed in *forma pauperis* ("Request") with a declaration in support. Dkt. 5. The Request was incomplete. *See* Dkt. 9. On November 14, 2025, the court ordered Plaintiff to file a completed request ("Order"). *Id.*

1

On November 24, 2025, the court's Order addressed to Plaintiff at the address listed by Plaintiff on the docket, 9057 Indiana Avenue, Apt. E, Riverside, CA 92503, was returned from the United States Postal Service with the notations "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED—UNABLE TO FORWARD." Dkt. 10.

On December 17, 2025, the court issued an order to show cause ("OSC") why this action should not be dismissed for Plaintiff's failure to update the docket with his current address. Dkt. 11. The court ordered Plaintiff to provide a current address no later than January 7, 2026. *Id.* Plaintiff was cautioned that if he failed to respond to the OSC, the court would recommend dismissal of this action for failure to prosecute. *Id.* The OSC was mailed to the address listed on the docket. *Id.*

On December 29, 2025, the OSC was returned to the Clerk with the notation "NOT DELIVERABLE." Dkt. 12.

To date, Plaintiff has not responded to the court's orders, provided an updated address, or otherwise communicated with the court about his case since October 31, 2025. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b) ("Rule 41") and L.R. 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors

support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the court's docket—weigh in favor of dismissal. Plaintiff did not provide an updated address. His failure to update his address, or show good cause for his delay, prevents the court from moving this case toward disposition and shows Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. The Ninth Circuit has held prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay, given the court has attempted to mail several orders to Plaintiff and has received no response. In the absence of any explanation for Plaintiff's delay, the court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the court and update his address. Plaintiff also was expressly warned that he must keep the court apprised of his address at all times and that his failure to do so may result in the case being dismissed for failure to prosecute. Dkts. 4, 11. Thus, the court explored the only meaningful alternatives to dismissal in its arsenal and found they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

/ / /

3

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in the prosecution of his lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The court concludes dismissal for failure to prosecute is warranted.

For the foregoing reasons, the court DISMISSES the action for failure to prosecute.

IT IS SO ORDERED.

Dated: February 19, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

4